*Judges.*
Hon. Eliphalet Dyer, Esq., Hon. Jesse Root, Esq.,
Hon. Andrew Adams, Esq., Hon. Charles Chauncy, Esq.

### MIDDLESEX COUNTY, JULY TERM, A. D. 1789.

DENNIE, Administrator of Dennie, v. Chapman and
Beebe.

The statute respecting absentees is not a penal but a remedial
statute. Where the assignee of a note was with the enemy, if
the promissee remained at home, in the United States, and was
not a bankrupt; the case is not within the statute.

Error; complaining of a judgment of the County Court
on a note given by the defendants to said John, deceased,
dated 2d of July, A. D. 1766 for £200 lawful money with
interest. This note was indorsed to Harrison Grey and the
defendants notified of it, and this suit is for his benefit. In
November A. D. 1768 they paid Grey two years' interest and
£50 principal; in December A. D. 1769, they paid £40 to
Grey — all which payments were indorsed on the note. From
the commencement of the war Grey was inimical to the
country, and went off to the British before the declaration of

15

independence, and never was a subject or citizen of the United States; and at the time of making the treaty, was a British subject. That said John Dennie was friendly and ever remained in the country until his death, and that the plaintiff also was friendly and always dwelt in the country at Boston.

It is further stated in the pleadings — That the defendants collected the money in continental bills, to pay said debt; but by reason of said Grey's being gone with the note, they could find no person to pay it to; and that it depreciated in their hands: And pray to have said note chancered both as to the principal and interest, agreeable to the statute provided in such cases. The court is of opinion that the case is within the statute, and that said note be chancered to £3 15s. 3d. lawful money; and gave judgment for that sum and the cost. . Errors assigned are — 1st. That this case is not within the statute. 2d. That if it was the defalcation is too great. The judgment was reversed; and upon both points the opinion of the court was against the judgment of the County Court.

The statute provides, that in every suit or prosecution in favor of persons who have gone to, and remained with the enemy, against any person, etc. who has remained in the United States; the court before whom such suit, etc. is depending, is authorized on motion of the defendant, to try and determine said cause, etc. according to the rules of equity; and the defendant is allowed to plead any special matter relative to principal and interest: And if it shall appear to the court, that in equity and good conscience abatement ought to be made, either from the principal or interest or both; the court is authorized to order and decree what they shall find to be equitable, both as to debt and cost.

This is not a penal, but a remedial statute, made for the relief of debtors, in suits, brought against them, by their creditors, who by going and residing with the enemy during the war, have put it out of their power to pay them their debts, in the currency of the country; which they were obliged

by law to receive; whereby they are exposed to suffer loss inevitably, unless relieved; and altogether by the creditor's placing himself in a situation inaccessible by the debtor.

By the laws of this state notes are not negotiable; and although, by the assignment, the assignee has the property of the note, and a right to collect and convert the money to his own use; yet the suit must be in the name of the original promisee or his administrator, etc. who has power, unless bankrupt, to control the action, to receive the money and discharge the note, and to whom in this case the defendants might have paid or tendered the money, which would have been good; as both the plaintiff and said John were of sufficient ability to pay the money over to said Grey.